# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

EDWARD RICE,                      :       CIVIL ACTION NO.

                                :       3:16-CV-00883-SRU

               PLAINTIFF     :

V.                              :

                              :

RAPID CAPITAL FUNDING, LLC,      :

                              :

            DEFENDANT.     :

-------------------------------------------------------------x     AUGUST 9, 2016

## DEFENDANT RAPID CAPITAL FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

The defendant, Rapid Capital Funding, LLC ("RCF"), by and through undersigned counsel, hereby responds to the Complaint dated June 8, 2016 (the "Complaint") of the plaintiff, Edward Rice ("Plaintiff"), as follows:

## INTRODUCTION

1.   RCF admits the Complaint seeks to assert a claim against RCF pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

## JURISDICTION AND VENUE

2.   RCF admits the Court may have jurisdiction to consider Plaintiff's claim pursuant to 28 U.S.C. § 1331 (i.e. "federal question" jurisdiction) to the extent the Complaint properly pleads a violation of the TCPA, but RCF does not admit to any actionable conduct. Further, RCF states the authority cited in paragraph two of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, RCF denies paragraph two of the Complaint.

3.   RCF admits it conducts business in the state of Connecticut, but denies Plaintiff's characterization thereof. RCF neither admits nor denies the legal conclusion contained in

paragraph three of the Complaint as the legal conclusion is not an allegation capable of admission or denial. To the extent a response is required, RCF denies the legal conclusion contained in paragraph three of the Complaint.

4.  RCF admits venue may be proper pursuant to 28 U.S.C. §1391(b)(2) to the extent the Complaint properly pleads a violation of the TCPA, but RCF does not admit to any actionable conduct. Further, RCF states the authority cited in paragraph four of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, RCF denies paragraph four of the Complaint.

## PARTIES

5.  RCF neither admits nor denies the legal conclusions contained in paragraph five of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies paragraph five of the Complaint.

6.  RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph six of the Complaint, and therefore denies the allegations.

7.  RCF neither admits nor denies the legal conclusions contained in paragraph seven of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph seven of the Complaint.

8.  RCF admits it is a business located at 11900 Biscayne Boulevard, Suite 201, Miami, FL 33181, but denies that it is a corporation.

9.  RCF neither admits nor denies the legal conclusions contained in paragraph nine of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the

2

extent a response is required, RCF denies the legal conclusions contained in paragraph nine of the Complaint.

## FACTUAL ALLEGATIONS

10. RCF denies the allegations contained in paragraph ten of the Complaint.

11. RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph eleven of the Complaint, and therefore denies the allegations.

12. RCF is without knowledge of information sufficient to form a belief as to the allegations contained in paragraph twelve of the Complaint, and therefore denies the allegations.

13. RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph thirteen of the Complaint, and therefore denies the allegations.

14. RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph fourteen of the Complaint, and therefore denies the allegations.

15. RCF denies the allegations contained in paragraph fifteen of the Complaint.

16. RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph sixteen of the Complaint, and therefore denies the allegations.

17. RCF neither admits nor denies the legal conclusions contained in paragraph seventeen of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph seventeen of the Complaint.

18. RCF denies the allegations contained in paragraph eighteen of the Complaint; particularly as paragraph eighteen of the Complaint incorrectly assumes as fact that RCF had an "obligation" to update its records as stated in paragraph eighteen of the Complaint.

3

19. RCF denies the allegations contained in paragraph nineteen; particularly as RCF denies placing the telephone calls at issue in the Complaint to Plaintiff.

20. RCF denies the allegations contained in paragraph twenty; particularly as paragraph twenty of the Complaint incorrectly assumes RCF placed the telephone calls at issue in the Complaint to Plaintiff such that RCF could "continue[]" to place such calls to Plaintiff.

21. RCF denies the allegations contained in paragraph twenty-one of the Complaint.

22. RCF is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty-two of the Complaint, and therefore denies the allegations.

23. RCF denies the allegations contained in paragraph twenty-three of the Complaint.

## COUNT I

24. RCF incorporates its responses to paragraphs one through twenty-three of the Complaint as if fully set forth herein.

25. RCF denies the allegations contained in paragraph twenty-five of the Complaint.

26. RCF denies the allegations contained in paragraph twenty-six of the Complaint. RCF further denies the legal conclusions contained in paragraph twenty-six of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph twenty-six of the Complaint.

27. RCF denies the allegations contained in paragraph twenty-seven of the Complaint.

28. RCF denies the legal conclusions contained in paragraph twenty-eight of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies paragraph twenty-eight of the Complaint. Further, RCF states the authority cited in paragraph twenty-eight of the Complaint speaks for itself, and to the extent

4

Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, RCF denies paragraph twenty-eight of the Complaint.

29. RCF denies the legal conclusions contained in paragraph twenty-nine of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies paragraph twenty-nine of the Complaint. Further, RCF states the authority cited in paragraph twenty-nine of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, RCF denies paragraph twenty-nine of the Complaint.

30. RCF denies placing the telephone calls at issue in the Complaint to Plaintiff. RCF denies the legal conclusions contained in paragraph thirty of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty of the Complaint.

31. RCF denies placing the telephone calls at issue in the Complaint to Plaintiff. RCF denies the legal conclusions contained in paragraph thirty-one of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-one of the Complaint. RCF specifically denies violating any law, including the TCPA. Further, RCF states the authority cited in paragraph thirty-one of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, RCF denies paragraph thirty-one of the Complaint.

32. RCF denies placing the telephone calls at issue in the Complaint to Plaintiff. RCF denies the legal conclusions contained in paragraph thirty-two of the Complaint as the legal conclusions

are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-two of the Complaint.

33. RCF denies placing the telephone calls at issue in the Complaint to Plaintiff. RCF denies the legal conclusions contained in paragraph thirty-three of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-three of the Complaint.

34. RCF denies placing the telephone calls at issue in the Complaint to Plaintiff. RCF denies the legal conclusions contained in paragraph thirty-four of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-four of the Complaint.

35. RCF denies placing the telephone calls at issue in the Complaint to Plaintiff. RCF denies the legal conclusions contained in paragraph thirty-five of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, RCF denies the legal conclusions contained in paragraph thirty-five of the Complaint. RCF specifically denies violating any law, including the TCPA.

## PRAYER FOR RELIEF

RCF denies Plaintiff is entitled to any relief, and instead, RCF demands recovery of RCF's attorneys' fees and costs from Plaintiff for the defense of this action.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to RCF, RCF hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Further, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

27390711v1

## <u>AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof where it otherwise rests with Plaintiff, RCF pleads the following defenses to the Complaint. RCF reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because the subject telephone calls were invited, consented to, and/or made pursuant to an established business relationship.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because the subject telephone calls were received on a telephone number assigned to a cellular telephone service that is not charged to the called party.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action because he is not the owner, registrant, or authorized user of the telephone(s) that received the subject telephone calls, and/or Plaintiff did not suffer any damages or concrete harm as a result of the subject telephone calls.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages he may have sustained. Among other things, Plaintiff had the contact information for the person or entity that allegedly made the subject telephone calls, and could have notified the person or entity to stop making the subject telephone calls after Plaintiff received the first alleged subject telephone call. Plaintiff chose not to do so,

27390711v1

instead hoping he would receive additional telephone calls and a windfall settlement through a lawyer-driven lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted. Among other things, the allegations in Plaintiff's Complaint lack factual support.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.  Plaintiff is pursuing this litigation not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich herself by seeking disproportionate payments from RCF.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because the subject telephone calls were not made with an automatic telephone dialing system to the extent such allegation is contained within the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails because the subject telephone calls were not made with an artificial or prerecorded voice to the extent such allegation is contained within the FAC.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, or limited because the alleged damages to Plaintiff were caused in whole or in part by the acts or omissions of third parties over which RCF had and has no control, and/or by the acts or omissions of Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitation.

27390711v1

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, or limited to the extent any telephone calls that are alleged to have violated the Telephone Consumer Protection Act are exempt from liability under that Act and the rules and regulations prescribed by the Federal Communications Commission.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, or limited by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

RCF did not willfully or knowingly make the subject telephone calls or any other call that may be in violation of the Telephone Consumer Protection Act as alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

RCF did not negligently make the subject telephone calls or any other call that may be in violation of the Telephone Consumer Protection Act as alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damage(s), such damage(s) is de minimis and non-actionable, which deprives the Court of subject matter jurisdiction in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, or limited by the doctrine of estoppel.

9

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, or limited by the doctrine of waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, or limited because Plaintiff failed to join all necessary and/or indispensable parties to this suit, as required by Rule 19 of the Federal Rules of Civil Procedure.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim fails, in whole or in part, or is limited because any alleged conduct of RCF did not proximately cause any damages, injury, harm, or loss to Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, or limited because the subject telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violates the First Amendment rights of RCF.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because RCF's practices and procedures reasonably and in good faith seek to prevent telephone calls in violation of the TCPA.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiffs' First Amended Class Action Complaint, Defendant Rapid Capital Funding, LLC prays as follows:

(1)    That Plaintiff takes nothing by virtue of the Complaint and that this action be dismissed in its entirety;

(2)    That judgment be rendered in favor of Defendant Rapid Capital Funding, LLC;

27390711v1

(3)     That attorneys' fees and costs of suit incurred in this action be awarded to Defendant Rapid Capital Funding, LLC to the greatest extent permitted by applicable law; and

(4)     That Defendant Rapid Capital Funding, LLC be awarded such other and further relief as the Court may deem just and proper.

Dated at Stamford, Connecticut, this 9th day of August 2016.

THE DEFENDANT,
RAPID CAPITAL FUNDING, LLC


By: s/Paul A. De Genaro
        Joseph P. Benanti
        Paul A. De Genaro ct 07412
        Connecticut Special Counsel for
        Windels Marx Lane & Mittendorf, LLP
        Its Counsel
        350 Bedford Street, Suite 201
        Stamford, CT 06901
        Phone: (203) 324-9559
        Facsimile: (203) 358-8582
        Email: pdegenaro@benantilaw.com


        AND

        GREENSPOON MARDER, P.A.
        Beth-Ann E. Krimsky
        beth-ann.krimsky@gmlaw.co
        *Pro Hac Admission Anticipated*
        Lawren A. Zann
        lawren.zann@gmlaw.com
        *Pro Hac Admission Anticipated*
        200 E. Broward Blvd., Suite 1800
        Fort Lauderdale, FL 33301
        Tel: (954) 527-2427
        Fax (954) 333-4027

27390711v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2016, a copy of the foregoing Defendant Rapid Capital Funding, LLC's Answer and Affirmative Defenses to Complaint was filed electronically and served by mail on anyone unable to accept electronic filing (as indicated below).  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Angela K. Troccoli, Esq.
Kimmel & Silverman, PC
atroccoli@creditlaw.com

s/Paul A. De Genaro
Paul A. De Genaro ct 07412

27390711v1